**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
In re                              :
                                  :    Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, *et al.*,  :
                                  :    Chapter 11
                                  :    Jointly Administered
                   Debtors.      :
-------------------------------------------------------x
-------------------------------------------------------x
                                  :
CORLA JACKSON,                :
                                  :    Index No. 1:14-cv-02427-JGK
               Appellant,   :
                                  :
                 *v.*             :
                                  :
RESCAP BORROWER CLAIMS TRUST,  :
                                  :
               Appellee.   :
-------------------------------------------------------x


**BRIEF OF THE RESCAP BORROWER CLAIMS TRUST**
**<u>IN RESPONSE TO APPEAL OF CORLA JACKSON</u>**

sf-3422755

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF JURISDICTION................................................................................... 2

ISSUES PRESENTED........................................................................................................ 2

1.    Did the Bankruptcy Court correctly rule that the Appellant's claims were barred by the doctrine of judicial estoppel? ........................................................................ 2

2.    Did the Bankruptcy Court correctly rule that the Appellant failed to carry her burden of proof on key factual issues in the face unopposed evidence introduced by the Debtors? ...................................................................................................... 2

3.    Did the Bankruptcy Court correctly rule that the Appellant failed to meet the applicable pleading standards, even as a pro se litigant?................................................. 2

STANDARD OF REVIEW ................................................................................................. 3

STATEMENT OF THE CASE............................................................................................ 3

        A.    The Debtors' Chapter 11 Cases ................................................................... 3

        B.    Loan History .................................................................................................. 4

        C.    Appellant's Bankruptcies and Prepetition Litigation............................... 4

        D.    The Proof of Claim ....................................................................................... 9

        E.    The Debtors' Objection to the Appellant's Claim ............................. 10

        F.    The Court's Order Sustaining the Objection ......................................... 11

        G.    The Appeal .................................................................................................. 12

1.    Judicial Estoppel ...................................................................................................... 13

2.    Appellant's Failure to Meet Her Burden ................................................................ 17

3.    Inadequate Pleading ................................................................................................. 19

CONCLUSION................................................................................................................... 23

# TABLE OF AUTHORITIES

Page(s)

CASES

ACC Bondholder Group v. Adelphia Communications Corp (In re Adelphia
    Communications Corp.),
    367 B.R. 84 (S.D.N.Y. 2007)......................................................................................3

Ascroft v. Iqbal,
    556 U.S. 662 (2009)..................................................................................................20

Bankruptcy Services, Inc. v. Ernst & Young LLP (In re CBI Holding Co.),
    529 F.3d 432 (2d Cir. 2008).......................................................................................3

Barger v. City of Cartersville, GA,
    348 F.3d 1289 (11th Cir. 2003) ................................................................................14

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)..................................................................................................20

Burnes v. Pemco Aeroplex, Inc.,
    291 F.3d 1282 (11th Cir. 2002) ..........................................................................13, 14

Chandler v. Samford University,
    35 F.Supp.2d 861 (N.D. Ala. 1999)..........................................................................14

Cline v. First Nationwide Mortgage Corp. (In re Cline),
    282 B.R. 686 (W.D. Wash. 2002)............................................................................18

Fernandez v. Supreme Court of Illinois,
    No. 02C3402, 2002 WL 1008468 (N.D. Ill. May 17, 2002) ...................................21

Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.),
    398 B.R. 736 (Bankr. S.D.N.Y. 2008).....................................................................19

Forman v. Salazano (In re Norvergence, Inc.),
    405 B.R. 709 (Bankr. D.N.J. 2009) .........................................................................21

GJR Investments, Inc. v. County of Escambia, Florida,
    132 F.3d 1359 (11th Cir. 1998) ...............................................................................21

Gonzalez v. Asset Acceptance, LLC,
    308 F. App'x 429 (11th Cir. 2009) ..........................................................................21

In the Matter of Huggins,
    305 B.R. 63 (Bankr. N.D. Ala. 2004) ......................................................................14

In re Corla R. Jackson,
    Case No. 05-13142 (Bankr. S.D. Ala.) ............................................................4, 5, 6

In re Corla R. Jackson,
    Case No. 10-04820 (Bankr. S.D. Ala.) ..................................................................7

In re Corla R. Jackson,
    Case No. 11-01545 (Bankr. S.D. Ala.) ...............................................................7, 8

In re DJK Residential LLC,
    416 B.R. 100 (Bankr. S.D.N.Y. 2009) ................................................................19

In re Hess,
    404 B.R. 747 (Bankr. S.D.N.Y. 2009) ................................................................18

In re Lehman Brothers Holdings Inc.,
    No. 08-13555 (JMP), 2010 Bankr. LEXIS 4147 (Bankr. S.D.N.Y. Nov. 10, 2010) ..............22

In re MF Global Holdings, Ltd.,
    Nos. 11-15059 (MG) ........................................................................................17

In re Nortel Networks, Inc.,
    469 B.R. 478 (Bankr. D. Del. 2012) ..................................................................19

In re Oneida Ltd.,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009) ................................................................17

In re Rockefeller Ctr. Props., 272 B.R. 524 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC
    v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 226 B.R. 52 (S.D.N.Y.
    2001), aff'd, 46 F. App'x 40 (2d Cir. 2002) ........................................................19

In re Smith,
    No. 12-10142, 2013 WL 665991 (Bankr. D. Vt. Feb. 22, 2013) ...........................17

In re W.R. Grace & Co.,
    346 B.R. 672 (Bankr. D. Del. 2006) ..................................................................18

Jackson v. Farmers Insurance Group/Fire Insurance Exchange,
    26 So. 2d 1276 (Ala. Civ. App. 2008) ................................................................9

Jackson v. Farmers Insurance Group/Fire Insurance Exchange,
    No. 09-00114, 2009 WL 3381003 (S.D. Ala. Oct. 19, 2009), aff'd, 391 F. App'x 854
    (11th Cir. 2010)................................................................................................9

Jackson v. GMAC Mortgage Corp,
    Case No. 12-cv-00111-KD-B (S.D. Ala. Feb. 23, 2012)........................................9

Jones v. Pollard-Buckingham,
    348 F.3d 1072 (8th Cir. 2003) ........................................................................20

Labes v. Ocwen Loan Servicing, Inc.,
    No. CV F 09-1172, 2009 WL 3748291 (E.D. Cal. Nov. 5, 2009) ..........................21

McMahon v. Hunter,
    No. 06 cv 00179-34, 2007 WL 1952906 (M.D. Fla. July 2, 2007) ........................21

Mott v. Fuhrman,
    No. 10 CV 00146, 2010 WL 3385338 (N.D. Fla. Aug. 23, 2010) .........................21

New Hampshire v. Maine,
    532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)...............................13, 14

Peck v. Merletti,
    64 F. Supp. 2d 599 (E.D. Va. 1999) ..............................................................21

Regis Technologies, Inc. v. Oien (In re Oien),
    404 B.R. 311 (Bankr. N.D. Ill. 2009) .............................................................20

Robinson v. Tyson Foods, Inc.,
    595 F.3d 1269 (11th Cir. 2010) ...............................................13, 14, 15, 16

United States v. U.S. Gypsum Co.,
    333 U.S. 364 (1948)....................................................................................3

Vanston Bondholders Protective Comm. v. Green,
    329 U.S. 156 (1946)..................................................................................18

Walls v. Wells Fargo Bank, N.A.,
    276 F.3d 502 (9th Cir. 2002) .....................................................................18

Ziemba v. Cascade International Inc.,
    256 F.3d 1194 (11th Cir. 2001) ..................................................................23

**STATUTES**

11 U.S.C. § 502(a) ...............................................................................................17

11 U.S.C. § 502(b)(1) ....................................................................................17, 18

11 U.S.C. §§ 541(a)(1) & (7) ................................................................................16

11 U.S.C. §§ 1322(b)(2) and (b)(5) ...................................................................6, 19

11 U.S.C. § 1326(a)(1) .........................................................................................7

11 U.S.C. § 1328(a) .........................................................................................6, 19

28 U.S.C. § 158(a)(1)............................................................................................................2

**OTHER AUTHORITIES**

4 Collier on Bankruptcy ¶502.02[2] (16th ed. rev. 2012)..............................................17

Fed. R. Bankr. P. 3001(f).................................................................................................17

Fed. R. Bankr. P. 8013......................................................................................................3

Fed. R. Bankr. P. 9014(a), (c).........................................................................................20

Federal Rule of Civil Procedure 8(a)(2) ....................................................................20, 23

Federal Rule of Civil Procedure Rule 9(b) .............................................................19, 22, 23

Official Bankruptcy Form, Part I – Official Forms, Instructions, and Committee Notes,
     Form B 6B (Official Form 6B) (12/07), available at:
          http://www.uscourts.gov/FormsAndFees /Forms/BankruptcyForms.aspx............................15

The ResCap Borrower Claims Trust (the "Trust"), as successor in interest to Appellee Residential Capital, LLC with respect to Borrower Claims ("ResCap," and together with certain of its subsidiaries and affiliates, the "Debtors"), respectfully submits this Appellee brief in response to the briefs filed by Corla Jackson (the "Appellant") styled *Brief* [Appeal ECF Doc. # 6] ("Appellant's First Brief") and *Brief and New Discovery Updated 5.19.2014* [Appeal ECF Doc. # 8] ("Appellant's Second Brief" and together with the Appellant's Initial Brief, "Appellant's Briefs") with respect to the Appellant's appeal (the "Appeal") from the *Memorandum Opinion and Order Sustaining Objection and Expunging Claim No. 4443 by Corla Jackson* [ECF Doc. # 6363] (the "Order") of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the above-captioned Chapter 11 cases (the "Cases").

## PRELIMINARY STATEMENT

The Appellant appeals the Bankruptcy Court's Order disallowing and expunging the Appellant's proof of claim against Debtor GMAC Mortgage, LLC ("GMACM") in the Cases. Though difficult to extract from her pleadings, it appears that the gravamen of her claims are the twin contentions that GMACM's filing of proofs of claim in her three Chapter 13 cases and commencing and completing foreclosure against her home were fraudulent or otherwise wrongful acts that also violated the automatic stay because, the Appellant asserted, GMACM was not the note holder and because any claim it had was discharged in her first Chapter 13 case.

The Order was based on essentially three grounds that the Debtors had argued. The first was judicial estoppel arising from Appellant's failure to schedule her alleged claims against GMACM in her 2011 Chapter 13 (her third Chapter 13 since 2005) even though she clearly was aware of them even prior to her filing of that Chapter 13. The second ground was the Appellant's failure to meet her burden of proof on her key allegations in response to the evidence

introduced by the Debtors.  She utterly failed to provide *evidence* to support her key factual allegations—which thereby remained mere allegations—in the face of unequivocal evidence introduced by the Debtors.  The third ground was that her claim failed to meet the applicable pleading standards, even as interpreted for *pro se* claimants.

It is difficult to discern precisely what the Appellant is arguing on this Appeal.  It appears that she intends the attachment to her designation of the record on appeal as a statement of the issues, although it is simply another copy of the Notice of Appeal [Appeal ECF Doc. # 2; compare with Appeal ECF Doc. # 1].  In the apparent statement of the issues and the Appellant's Briefs, the Appellant reverts to the same story and accusations that comprised her claim; her pleadings contain little more.  Significantly, the Appellant's Briefs do not raise, let alone challenge, the merits of the Order regarding judicial estoppel.  (See generally Appellant's Briefs.)  This alone compels affirmance of the Order.  And on the key factual questions, Appellant again reverts to making the kind of unsubstantiated, often unintelligible allegations that characterized her prior filings.  But argument and accusations are not a substitute for evidence.  Finally, the Appellant does not address the Bankruptcy Court's ruling regarding her failure to satisfy the relevant pleading standards.

## STATEMENT OF JURISDICTION

This Court is vested with appellate jurisdiction over the Order of the Bankruptcy Court under 28 U.S.C. § 158(a)(1).

## ISSUES PRESENTED

1.      Did the Bankruptcy Court correctly rule that the Appellant's claims were barred by the doctrine of judicial estoppel?

2.      Did the Bankruptcy Court correctly rule that the Appellant failed to carry her burden of proof on key factual issues in the face unopposed evidence introduced by the Debtors?

3.      Did the Bankruptcy Court correctly rule that the Appellant failed to meet the applicable pleading standards, even as a *pro se* litigant?

## STANDARD OF REVIEW

Rule 8013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that a district court conducting appellate review may "affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.  A district court reviews the bankruptcy court's findings of fact for clear error and applies *de novo* review to its conclusions of law.  Bankr. Servs., Inc. v. Ernst & Young LLP (In re CBI Holding Co.), 529 F.3d 432, 449 (2d Cir. 2008); ACC Bondholder Grp. v. Adelphia Commc'ns Corp (In re Adelphia Commc'ns Corp.), 367 B.R. 84, 90-91 (S.D.N.Y. 2007).  A factual finding is not clearly erroneous unless "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

## STATEMENT OF THE CASE

### A.      The Debtors' Chapter 11 Cases

On May 14, 2012 (the "Petition Date"), the Debtors filed voluntary petitions in the Bankruptcy Court for relief under chapter 11 of the Bankruptcy Code, thereby commencing the Cases.

On December 11, 2013, following a hearing, the Bankruptcy Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in the Cases [ECF Doc. # 6065].  On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred [ECF Doc. # 6137].  The Plan provides for, *inter alia*, the creation and implementation of the Trust, which is responsible for

prosecuting objections to BorrowerNo[1] claims, including those objections previously filed by the Debtors.  (See Plan, Art. IV.F.)

### B.    Loan History

On May 26, 2004, Appellant obtained a home mortgage loan (the "Loan") from Option One Mortgage Corporation ("Option One") and executed a note (the "Note") in the amount of $240,000.00.  GMACM was the servicer on the Loan.  Option One later assigned (the "Assignment") the Note to GMACM.[2]  (See *Debtors' Objection to Proof of Claim Filed by Corla Jackson (Claim No. 4443)* [ECF Doc. # 5100] ¶ 4 (the "Objection")).  The Note was secured by a mortgage on property located at 13230 Tom Gaston Road, Mobile, Alabama 36695-8658 (the "Property").  (*Id.*)

### C.    Appellant's Bankruptcies and Prepetition Litigation

In June 2005, Appellant filed the first of three successive Chapter 13 bankruptcy cases[3] (the "First Jackson Bankruptcy") in the United States Bankruptcy Court for the Southern District of Alabama (the "Alabama Bankruptcy Court").  (Objection ¶ 5.)  Appellant had counsel in the First Jackson Bankruptcy.

On June 14, 2005, GMACM filed a proof of claim in the First Jackson Bankruptcy in the amount of $238,946.35 for the amount of the Loan, plus interest ("Claim No. 1").[4]  (Objection ¶ 14.)  On October 25, 2005, the Alabama Bankruptcy Court entered an order confirming the

---

[1] As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased by one or more of the Debtors.

[2] In June 2008, Option One assigned the Loan to GMACM.  True and correct copies of the Note and the Assignment are attached to the Declaration of Lauren Graham Delehey in Support of Debtors' Objection to Proof of Claim Filed by Corla Jackson [ECF Doc. # 5100, Ex. 2] (the "Delehey Declaration") as Exhibits A and B, respectively.

[3] In re Corla R. Jackson, No. 05-13142 (Bankr. S.D. Ala., filed June 1, 2005).  A copy of the docket maintained in the First Jackson Bankruptcy is attached to the Delehey Declaration as Exhibit C.

[4] See Proof of Claim of GMACM, In re Corla R. Jackson, Case No. 05-13142 (Bankr. S.D. Ala. Jun. 15, 2005).

Claimant's Chapter 13 plan (the "Chapter 13 Plan"), pursuant to which the Claimant was directed to make payments on unpaid arrearages owed (the "Arrearages") and to continue to make timely current post-petition payments on account of the Loan.[5]  (Order at 5.)

On January 20, 2006, GMACM moved for relief from the automatic stay in the First Jackson Bankruptcy on the basis that GMACM did not receive post-petition regular monthly mortgage payments and the Loan had been in default since July 2005.[6]  (Objection ¶ 15.)  The Alabama Bankruptcy Court entered an order conditionally denying GMACM's request for relief (the "First GMACM Stay Relief Order") subject to the following terms: (i) Appellant would pay the new arrearages (the "Supplemental Arrearages"); (ii) GMACM was granted leave to file a proof of claim in the amount of the Supplemental Arrearages; (iii) Appellant was directed to make timely current monthly post-petition payments to GMACM on account of the Loan in accordance with the Chapter 13 Plan; and (iv) should Appellant fail to cure any payment default within ten days of receipt of a notice of default (a "Notice of Default"), the automatic stay imposed pursuant to Bankruptcy Code section 362(a) would automatically terminate to permit GMACM to exercise remedies against its collateral without further order of the Alabama Bankruptcy Court.[7]  (Id.)

---

[5] See Chapter 13 Plan, In re Corla R. Jackson, Case No. 05-13142 (Bankr. S.D. Ala. June 1, 2005) [ECF Doc. # 3] (providing that "A holder of a secured claim shall retain the lien securing the claim, unless otherwise provided herein."); see also Order Confirming Plan and Payment Order, In re Corla R. Jackson, Case No. 05-13142 (Bankr. S.D. Ala. Oct. 25, 2005) [ECF Doc. # 21].

[6] See Motion for Relief from Automatic Stay Filed by GMAC Mortgage Corporation, In re Corla R. Jackson, Case No. 05-13142 (Bankr. S.D. Ala. Jan. 20, 2006) [ECF Doc. # 23].

[7] See First Conditional GMACM Stay Relief Order, In re Corla R. Jackson, Case No. 05-13142 (Bankr. S.D. Ala. March 1, 2006) [ECF Doc. # 30].

In accordance with the First GMACM Stay Relief Order, on March 6, 2006, GMACM filed a second proof of claim against the Claimant with respect to the amount of the Supplemental Arrearages ("Claim No. 7").[8]  (Objection ¶ 16.)

On June 8, 2006, and again on August 29, 2006, GMACM sent Appellant Notices of Default for missed mortgage payments, which were never cured.[9]  (Objection ¶ 17; Delehey Declaration ¶ 6, Ex. D.)  In accordance with the First GMACM Stay Relief Order, the automatic stay imposed by Bankruptcy Code section 362(a) terminated with respect to the Property.  (*Id.*)  As a result of that relief, and because GMACM was entitled to begin foreclosure proceedings against the Property, GMACM did not oppose the Chapter 13 trustee's objections to Claim Nos. 1 and 7, and the claims were disallowed *as to the arrearages only*; Appellant had completed her Chapter 13 Plan, including the payment of those arrearages, thereby leading to her Chapter 13 discharge.  (Objection ¶ 17; Delehey Decl. ¶ 19 & Ex. M at 90 of 164, 92 of 164, 93 of 164, 95 of 164, 100 of 164)  The First Jackson Bankruptcy was closed on January 20, 2010.  (Objection ¶ 7.)  However, by operation of the Chapter 13 Plan, the Confirmation Order, Bankruptcy Code sections 1322(b)(2), (b)(5), and 1328(a),[10] and the relief granted pursuant to the First GMACM Stay Relief Order, Appellant was not discharged of her obligations under the Loan, including payment of post-petition monthly payments.  (Objection ¶ 17.)

On October 15, 2010, Appellant filed a second voluntary petition for relief in the Alabama Bankruptcy Court under Chapter 13 of the Bankruptcy Code (the "Second Jackson

---

[8] See Proof of Claim of GMACM, In re Corla R. Jackson, Case No. 05-13142 (Bankr. S.D. Ala. Mar. 6, 2005).

[9] See Notices of Default, dated June 8 and August 29, 2006, which are attached as Exhibit D to the Delehey Declaration.

[10] See 11 U.S.C. §§ 1322(b)(2) and (b)(5) and 11 U.S.C. § 1328(a).

Bankruptcy").[11]  (Objection ¶ 18.)  On December 20, 2010, less than two months later, the Alabama Bankruptcy Court dismissed the Second Jackson Bankruptcy for "failure to pay [preconfirmation] Chapter 13 plan payments" as required by Bankruptcy Code section 1326(a)(1).[12]  (*Id.*)

On April 18, 2011, Appellant filed a third voluntary petition for Chapter 13 relief in the Alabama Bankruptcy Court (the "Third Jackson Bankruptcy").[13]  (Objection ¶ 19.)  She was represented by the same counsel in the case as had represented her in the First Jackson Bankruptcy.

Appellant did not list any potential claims or causes of action against GMACM or Option One in her Schedules and Statement of Financial Affairs (together, the "SSFA") filed in the Third Jackson Bankruptcy or in any amendments to them.  (See Delehey Declaration ¶ 10.)  Appellant did, however, list an unliquidated claim against Farmers Insurance Company ("Farmers Insurance") in Item 20 of her Statement of Financial Affairs valued at $1.  (Order at 7.)

On July 25, 2011, GMACM filed a motion for relief from the automatic stay in the Third Jackson Bankruptcy on the basis that the Loan was in default.[14]  (Objection ¶ 21.)  On August 29, 2011, the Alabama Bankruptcy Court entered an order conditionally denying such request, subject to Appellant's compliance with continued payment terms substantially similar to those

---

[11] See Chapter 13 Voluntary Petition, In re Corla R. Jackson, Case No. 10-04820 (Bankr. S.D. Ala. Oct. 15, 2010) [ECF Doc. # 1].  A copy of the docket maintained in the Second Jackson Bankruptcy is attached to the Delehey Declaration as Exhibit E.

[12] See Order Dismissing Chapter 13 Case, In re Corla R. Jackson, Case No. 10-04820 (Bankr. S.D. Ala. Dec. 20, 2010) [ECF Doc. # 13].

[13] See Chapter 13 Voluntary Petition, In re Corla R. Jackson, Case No. 11-01545 (Bankr. S.D. Ala. Apr. 18, 2011) [ECF Doc. # 1].  A copy of the docket maintained in the Third Jackson Bankruptcy is attached to the Delehey Declaration as Exhibit F.

[14] See Motion for Relief From Automatic Stay Filed by GMAC Mortgage, LLC, In re Corla R. Jackson, Case No. 11-01545 (Bankr. S.D. Ala. Jul. 25, 2011) [ECF Doc. # 42].

set forth in the First GMACM Stay Relief Order (the "Second GMACM Stay Relief Order").[15]
(*Id.*)  On October 11, 2011, GMACM filed a notice of the termination of the automatic stay
because Appellant had defaulted under the terms of the Second GMACM Stay Relief Order.[16]
On December 8, 2011, the Alabama Bankruptcy Court denied Appellant's motion to reimpose
the automatic stay.[17]  (*Id.*; see Delehey Declaration ¶ 11.)

On October 5, 2011, Appellant filed a Summary of Amendments to her Chapter 13 Plan
in the Third Jackson Bankruptcy.  (Order at 7.)  This document amended question seven
concerning curing defaults and maintaining direct payment to reflect that the GMAC Mortgage
"monthly note [was] contested and protected."  (*Id.*)  Appellant did not otherwise elaborate on
this statement.  In particular, she did not disclose any alleged affirmative claims against
GMACM.  (Order at 7; see Delehey Declaration ¶ 12.)[18]

Yet just a few months later, on January 18, 2012, Appellant commenced a lawsuit against
GMACM in Alabama state court, asserting numerous claims against the Debtors, including fraud
(the "State Court Action").  (Objection ¶ 23.)  This was well *before* GMACM even began
foreclosure proceedings.[19]  Among the allegations made in the State Court Action is an assertion
that GMACM did not own the Note.  (Order at 9.)  Additionally, Appellant alleges that GMACM
violated a pooling and servicing agreement to which Appellant purportedly is a third-party
beneficiary.  (*Id.*)  Appellant also sought damages as a result of GMACM's and/or Farmers

---

[15] See Second Order Conditionally Denying Motion to Reinstate the Stay as to GMAC Mortgage, LLC, In re Corla R. Jackson, Case No. 11-01545 (Bankr. S.D. Ala. Aug. 29, 2011) [ECF Doc. # 59].

[16] See Notice of Termination of the Automatic Stay by GMAC Mortgage, LLC, In re Corla R. Jackson, Case No. 11-01545 (Bankr. S.D. Ala. Oct. 11, 2011) [ECF Doc. # 70].

[17] See Order on Debtor's Motion to Reinstate the Stay as to GMAC Mortgage, LLC, In re Corla R. Jackson, Case No. 11-01545 (Bankr. S.D. Ala. Dec. 8, 2011) [ECF Doc. # 89].

[18] On March 7, 2012, Appellant filed another Summary of Amendments and deleted her previous amendment regarding contesting her mortgage.  (See Delehey Declaration ¶ 13.)

[19] As discussed below, GMACM foreclosed on the Property in June 2012.

Insurance's alleged failure to repair the Property after it suffered hurricane damage.  (*Id.*)  These claims relate to periods *preceding* the Third Jackson Bankruptcy.[20]  GMACM removed the State Court Action to the Alabama District Court (the "District Court Action").[21]  (*Id.*)

On March 8, 2012, GMACM filed a Motion to Dismiss Appellant's claims in the District Court Action based on judicial estoppel, and failure to comply with minimum pleading standards.  (Order at 9; Delehey Declaration ¶ 16.)  That motion remains pending because it was not decided before the Debtors filed the Cases in May of 2012.  (*Id.*)  The Debtors filed a Notice of Bankruptcy in the District Court Action on May 25, 2012 and the Alabama District Court issued a May 31, 2012 Order placing the case on its administrative docket.  (See Delehey Declaration ¶ 17.)  Appellant thereafter expanded her experience with bankruptcy proceedings by actively participating in the Cases.  (See, e.g., Order at 2-3; Objection ¶¶ 27-36.)

On June 1, 2012, GMACM finally foreclosed upon the Property and purchased it at the non-judicial foreclosure sale.[22]  (Objection ¶ 25; see Delehey Declaration ¶ 15.)  At the time of the foreclosure, GMACM was both the servicer and the owner of the Note.  (*Id.*)

### D.    The Proof of Claim

On November 9, 2012, Appellant filed Proof of Claim No. 4443 (the "Claim") against the Debtors, more specifically GMACM, asserting a claim in the amount of $100 million.

---

[20] Appellant has an extensive prior litigation history involving the Property, including extensive litigation concerning a casualty insurance dispute. See Jackson v. Farmers Ins. Group/Fire Ins. Exch., 26 So. 2d 1276 (Ala. Civ. App. 2008); cert denied, 41 So. 2d 843 (Ala. 2008); Jackson v. Farmers Ins. Group/Fire Ins. Exch., No. 09-00114,  2009 WL 3381003 (S.D. Ala. Oct. 19, 2009), aff'd, 391 F. App'x 854 (11th Cir. 2010); cert. denied, 131 S.Ct. 1807 (2011) (all related to an alleged failure to properly repair the subject property following hurricanes Katrina and Ivan and alleging collusion between GMACM and the insurance company and all dismissed/affirmed.). These actions did not explicitly name GMACM as a defendant.  As reviewed below, infra Section C, Appellant's litigiousness has continued in the Chapter 11 Cases.

[21] Jackson v. GMAC Mortg. Corp, Case No. 12-cv-00111-KD-B (S.D. Ala. Feb. 23, 2012) [ECF Doc. # 1].  A copy of the complaint filed by Appellant is attached to the Delehey Declaration as Exhibit J.

[22] See Notice of Acceleration of Promissory Note and Mortgage, which is attached to the Delehey Declaration as Exhibit K.

In Box 2, the Claim states as the "Basis for Claim":  "They stole my identity + Everything I owned, causing major damages from 2005-2012 to Date."  The only further narrative of the facts or theories underlying the Claim is in a nine-page document that follows the proof of claim form called "Motion for Proof of Claim."  It is virtually unintelligible, rambling from GMACM's alleged defrauding of the United States, the courts and the Securities and Exchange Commission in some undetailed fashion to GMACM's foreclosure causing her harm through generating toxic mold in the house.  The rest of the Claim consists of another 150 or so pages of unexplained documents and notes.  It appears that the Claim largely relates to the same material that Appellant urged on the District Court in the District Court Action.[23]

### E.    The Debtors' Objection to the Appellant's Claim

On September 18, 2013, the Debtors filed their *Notice of Debtors' Objection to Proof of Claim Filed by Corla Jackson (Claim No. 4443)* [ECF Doc. # 5100-1] and the Objection.

In the Objection, the Debtors asked the Bankruptcy Court to disallow and expunge the Claim on three basic grounds:  (1) that the Appellant was barred from asserting the Claim by judicial estoppel because she deliberately failed to disclose her alleged claims in the Third Jackson Bankruptcy even though they concerned events that occurred pre-bankruptcy and during the bankruptcy for which she sued in another forum during the bankruptcy; and (2) in response to the Debtors' competent evidence in the Objection, the Appellant had the burden to rebut the Debtors' evidence on key factual issues concerning GMACM's right to assert its claims against her; and (3) the Appellant's Claim failed to satisfy applicable pleading standards, even taking into account that the Appellant was representing herself *pro se*.  (<u>See generally</u> Objection at ¶¶ 49-61.)

---

[23] In addition to her basic contentions regarding GMACM's authority to file proofs of claim or foreclose, the Appellant says that GMACM stole her identity and was somehow responsible for the alleged occurrence of toxic mold in the Property, causing her additional damage.

The Appellant did not file a response to the Objection.  Thus, she neither contested the Debtors' legal arguments nor offered competing evidence to counter GMACM's evidence.  The Appellant did not even address in any way the Debtors' judicial estoppel argument.  She did appear at the November 15, 2013 hearing to make her oral argument.  There, she made essentially the same kinds of claims that she did in the Claim, but again offered no evidence.  The Bankruptcy Court thereupon asked the parties for certain additional information, which they duly submitted.

### F.    The Court's Order Sustaining the Objection

On January 27, 2014, the Bankruptcy Court entered the Order, sustaining the Objection on several grounds.  First, the Bankruptcy Court agreed with the Debtors that the Claim was barred by judicial estoppel arising from the Appellant's knowing and deliberate failure to schedule the claims underlying the State Court/District Court Action with the intent of depriving her creditors of any share of any proceeds in a case in which it was clear she would not be able to pay creditors in full.  (Order at 12-16.)  Second, the Bankruptcy Court noted that although a proof of claim is *prima facie* evidence of the amount and validity of the claim, the burden of proof shifts to the claimant when confronted with a claim objection, not to mention one that offers evidence on key points.  (Order at 17-18.)  It then found that the Appellant failed to meet that burden because she produced no legal arguments or evidence in opposition to the Debtors' evidence.[24]  (Order at 18-19.)  Third, the Bankruptcy Court concurred with the Debtors that the Claim failed to satisfy the applicable pleading standards, more forgiving as they may be for *pro se* litigants, even where it was (rarely) otherwise coherent.  (*Id.*)  Among other things, the

---

[24] With regard to the Appellant's theory that GMACM's claims against her were eliminated in the First Jackson Bankruptcy, the Bankruptcy Court noted that not only do the pleadings in that Chapter 13 case fail to do what the Appellant claims they did, but the Appellant fails to explain why the bankruptcy courts in the Second and Third Jackson Bankruptcies granted GMACM stay relief to foreclose if it had no claim against the Appellant.

Appellant failed: to plead specific facts;  to underwrite her conclusory allegations; to support her claim of $100 million in damages; to specify how GMACM stole her identify; and to explain what the empirical and legal connection was between the alleged appearance of toxic mold in her Property and GMACM's responsibility for it.  (*Id.*)

### G.    The Appeal

The Appellant filed her Notice of Appeal from the Order in the Bankruptcy Court on a District Court caption on March 14, 2014.  [ECF Doc. # 6659; Appeal ECF Doc. # 1.]  On the same day, she filed her designation of the record (entitled "Designation of Contents"), which included but did not list the documents.  [ECF Doc. # 6660; Appeal ECF Doc. # 2.]  Latter also attaches the Notice of Appeal, which includes about nine pages of material that the Appellant may have intended as a statement of the issues.  However, since the latter document, like most of the Appellant's filings, is lengthy rather than concise and consists mainly of allegations and argument, much of it indecipherable, in this brief the Trust will lay out what it thinks are the Appellant's main arguments and then address them.  They follow the issues the Trust has identified in the Statement of the Issues above.

As before, in one form or another it appears that on appeal the Appellant's primary and most discernable arguments are:  (1) that GMACM's attempt at and actual foreclosure were improper because GMACM did not hold the Note; (2) that GMACM's filing of proofs of claim in the Appellant's First, Second and Third Jackson Bankruptcies was improper (among other things, violating the automatic stay of 11 U.S.C. section 362(a) because it was not the holder of the Note; and (3) that GMACM's seeking stay relief in the Second and Third Jackson Bankruptcies was improper because its claims had been discharged in the First Jackson Bankruptcy.  In making these arguments, the Appellant fails to add anything to the incomplete and inadequate record she presented below.  Before turning to these issues, the Trust wishes first

to address the argument and ground for the Bankruptcy Court's ruling below that the Appellant

has yet to address at any level of these proceedings:  judicial estoppel.

### 1.	Judicial Estoppel

As the Eleventh Circuit has explained,

> The purpose of *judicial estoppel* is "to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment." <u>New Hampshire v. Maine</u>, 532 U.S. 742, 749, 121 S.Ct. 1808, 1814, 149 L.Ed.2d 968 (2001). Specifically, *judicial estoppel* is designed to "prevent a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by the party in a previous preceding." 18 Moore's Federal Practice § 134.30 (3d ed. 2008). In <u>New Hampshire v. Maine</u>, the Supreme Court recognized that while the circumstances under which a court might invoke *judicial estoppel* will vary, three factors typically inform the decision: (1) whether the present position is clearly inconsistent with the earlier position; (2) whether the party succeeded in persuading a court to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding would create the perception that either the first or second court was mislead and; (3) whether the party advancing the inconsistent position would derive an unfair advantage. <u>Id.</u> at 750-51, 121 S.Ct. at 1815-16.

<u>Robinson v. Tyson Foods, Inc.</u>, 595 F.3d 1269, 1273 (11th Cir. 2010) (emphasis added) (Chapter

13 debtor judicially estopped from pursuing claims she filed in another forum post-petition that

she did not include in her original schedules or any amendment to them or to her plan).[25]

The two primary factors in the application of judicial estoppel are (i) whether the subject

took the allegedly inconsistent positions under oath, and (ii) whether the inconsistencies are

shown to have been calculated to make a mockery of the judicial system.  <u>Id.</u> at 1273 (citing

<u>Burnes v. Pemco Aeroplex, Inc.</u>, 291 F.3d 1282, 1285 (11th Cir. 2002).  Practically, judicial

estoppel is applicable where a party asserts a position in a proceeding, but thereafter assumes a

---

[25] Because the goal of the doctrine of judicial estoppel is protecting the integrity of the judicial system itself, the nondisclosure of claims that would be assets of the bankruptcy estate need not have harmed any party to the bankruptcy.  <u>See</u> <u>Robinson</u>, 595 F.3d at 1275.

contrary position, and such inconsistencies create the inference that the court has been misled. New Hampshire v. Maine, 532 U.S. 742, 749 (2001); Barger v. City of Cartersville, GA, 348 F.3d 1289, 1293-94 (11th Cir. 2003); In the Matter of Huggins, 305 B.R. 63 (Bankr. N.D. Ala. 2004).

A debtor's assertion of existing claims against third parties that the debtor did not disclose as assets of the bankruptcy estate in the debtor's earlier bankruptcy proceeding constitutes an assumption of inconsistent positions, thereby satisfying the first prong of judicial estoppel. Robinson, 595 F.3d at 1274-75. The duty to disclose extends to prepetition claims asserted after the debtor filed the bankruptcy case: in such circumstances, the debtor should amend her bankruptcy filings accordingly. Id. With respect to the second prong of the judicial estoppel analysis, courts have found that the combination of a party's knowledge of the claim and motive for concealment where there is an affirmative duty to disclose the claim provides sufficient evidence of intent to manipulate the judicial system. Id. at 1275; Chandler v. Samford Univ., 35 F.Supp.2d 861, 864 (N.D. Ala. 1999). The Eleventh Circuit has held that a debtor's failure to disclose claims is construed as unintentional only when "the debtor [ ] lacks knowledge of the undisclosed claims or has no motive for their concealment." Robinson, 595 F.3d at 1275; Burnes v. Pemco Aeroplex, Inc., 291 F.3d at 1285.

Appellant's failure to disclose her claims against GMACM in the Third Jackson Bankruptcy constitutes an assumption of inconsistent positions and satisfies the first requirement for judicial estoppel. As noted above, Appellant filed the Third Jackson Bankruptcy on April 18, 2011. On June 21, 2011, Appellant filed her SSFA. Appellant did not list any claims against GMACM on the SSFA. During the pendency of the bankruptcy, Appellant amended her Chapter 13 Plan to include a reference that the Note was contested, but did not disclose the existence of

affirmative claims against GMACM.  Nor can Appellant claim that she did not know that she

had claims when she prepared her SSFA.  Her prior litigation against others shows that she

knows what it is to have claims and the Claim clearly relates to events that occurred prior to the

Third Jackson Bankruptcy.  Item 21 of Schedule B of the Schedules of Assets and Liabilities

asks for "Other contingent and unliquidated claims of every nature, including tax refunds,

counterclaims of the debtor, and rights to setoff claims. Give estimated value of each."  (Official

Bankruptcy Form, Part I – Official Forms, Instructions, and Committee Notes, Form B 6B

(Official Form 6B) (12/07), Item 21, available at: http://www.uscourts.gov/FormsAndFees

/Forms/BankruptcyForms.aspx.)  This incontestably called for her to disclose her alleged claims

against GMACM regardless of whether she had sued already.  Indeed, Appellant listed the

unliquidated claim against Farmers Insurance with respect to hurricane damage in her Schedule

B (in item 20 rather than 21).  Plainly, between her own bankruptcy experience and guidance

from her counsel in the Third Jackson Bankruptcy, Appellant knew that existing claims, whether

or not the subject of a lawsuit, are estate assets that must be disclosed on the SSFA.  And even if

she did not know that she had claims when she filed the SSFA, she clearly knew she did when

she filed the State Court Action (later the District Court Action) in January of 2012, but she did

not thereupon amend the SSFA.  Indeed, the facts of this case in this regard are virtually identical

to those in Robinson.

The second prong in the judicial estoppel analysis is also satisfied.  Appellant obviously

had knowledge of her claims against GMACM during the Third Jackson Bankruptcy since they

arose from alleged prepetition conduct and events to which she was a party.  In any case, she

filed the District Court Action while the Third Jackson Bankruptcy was still pending.

Considering Appellant's bankruptcy experience (a three-time filer), having been represented by

counsel in the Third Jackson Bankruptcy, having filed lawsuits before, and having listed a claim against Farmers Insurance, Appellant was well aware that she had the alleged claims against GMACM and that she had an affirmative duty to disclose and continue to disclose all interests in property that she had prepetition or acquires post-petition.  11 U.S.C. §§ 541(a)(1) & (7).

Moreover, Appellant had motive to conceal her potential claims against GMACM from the Alabama Bankruptcy Court to allow her to recover funds that may have otherwise been paid to her creditors.  See Robinson, 595 F.3d at 1275-76 (intent to conceal inferred even though debtor proposed full payment plan).  Here, Appellant's motive to conceal is even greater than it was in Robinson because her plan did not contemplate paying creditors in full; thus, she would have had to share what she clearly contemplated were the considerable proceeds of the District Court Action with her creditors.  By contrast, valuing it at only $1, she readily scheduled her alleged claim against Farmers Insurance.

In issuing the Order, the Bankruptcy Court concurred in the Debtors' judicial estoppel argument.  (Order 12-17.)  In particular, the Bankruptcy Court found that the Appellant knew about her alleged claims in plenty of time to schedule them in the Third Jackson Bankruptcy (Order at 15-16), that the conflict between the schedules and the concurrent if not prior State Court/District Court Actions was direct, not accidental, and that the Appellant thereby undermined the integrity of the judicial system by trying to conceal the claims in order not to share any proceeds with her creditors. (Order at 15-17.)

Nothing has changed on this Appeal.  Not only has the Appellant not countered the judicial estoppel argument with argument and or facts in the record (of which there are not favoring her), but as in response to the Objection, she has not discussed judicial estoppel at all. On grounds of judicial estoppel alone this Court should affirm the Bankruptcy Court's Order.

### 2.        Appellant's Failure to Meet Her Burden

A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."

11 U.S.C. § 502(a).  A properly completed proof of claim is prima facie evidence of the validity

and amount of a claim.  See Fed. R. Bankr. P. 3001(f).  A party in interest may object to a proof

of claim, and once an objection is made, the court must determine whether the objection is well

founded.  See 4 Collier on Bankruptcy ¶ 502.02[2] (16th ed. rev. 2012).

Although Bankruptcy Rule 3001(f) establishes the initial evidentiary effect of a filed

claim, the burden of proof "[r]ests on different parties at different times." In re Smith, No. 12-

10142, 2013 WL 665991, at *6 (Bankr. D. Vt. Feb. 22, 2013) (citation omitted).  The party

objecting to the proof of claim "bears the initial burden of providing evidence to show that the

proof of claim should not be allowed." In re MF Global Holdings, Ltd., Nos. 11-15059 (MG),

11-02790 (MG) (SIPA), 2012 WL 5499847, at * 3 (Bankr. S.D.N.Y. Nov. 13, 2012).  If the

objecting party satisfies its initial burden and "the presumption of prima facie validity is

overcome—e.g., the objecting party establishes that the proof of claim lacks a sound legal

basis—the burden shifts to the claimant to support its proof of claim unless the claimant would

not bear that burden outside of bankruptcy." Id. (citing In re Oneida Ltd., 400 B.R. 384, 389

(Bankr. S.D.N.Y. 2009) ("A proof of claim is prima facie evidence of the validity and amount of

a claim, and the objector bears the initial burden of persuasion.  The burden then shifts to the

claimant if the objector produces evidence equal in force to the prima facie case . . . which, if

believed, would refute at least one of the allegations that is essential to the claim's legal

sufficiency.")).  Once the burden is shifted back to the claimant, "it must prove its claim by a

preponderance of the evidence." Id. (citations omitted).

Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not

be allowed to the extent that "such claim is unenforceable against the debtor and property of the

debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  Whether a claim is

allowable "generally is determined by applicable nonbankruptcy law."  In re W.R. Grace & Co.,

346 B.R. 672, 674 (Bankr. D. Del. 2006).  "What claims of creditors are valid and subsisting

obligations against the bankrupt at the time a petition is filed, is a question which, in the absence

of overruling federal law, is to be determined by reference to state law."  In re Hess, 404 B.R.

747, 749 (Bankr. S.D.N.Y. 2009) (quoting Vanston Bondholders Protective Comm. v. Green,

329 U.S. 156, 161 (1946)).

The two key factual contentions underlying the Appellant's Claim are that GMACM was

not the holder of the Note and that the bankruptcy court in the First Jackson Bankruptcy

discharged the Appellant's debt to GMACM.  As below, and now on appeal, the Appellant

presents *no* evidence for the first and only reiterates the various orders the bankruptcy court in

the First Jackson Bankruptcy made with respect to GMACM's claims without explaining why

the Bankruptcy Court was wrong.[26]

By contrast, GMACM presented evidence below in support of the Objection that

establishes unequivocally, however stubbornly the Appellant may contend otherwise, that Option

One made the loan and then assigned its Note to GMACM.  As the Bankruptcy Court observed,

that shifted the burden of proof on that issue to the Appellant.  In response, as the Bankruptcy

Court further observed, the Appellant produced . . . absolutely nothing.  That indispensable prop

for her fraud and lack of authority to assert and foreclose on the Loan claims was thereby swept

away.

---

[26] With regard to GMACM's alleged violations of the automatic stay in the Appellant's three Chapter 13
bankruptcies, not only was there no such violation because GMACM had every right to assert its claim in those
cases, but in any event remedying any such violation is the exclusive province of the subject bankruptcy court, not
of the Bankruptcy Court in the Cases.  See, e.g., Cline v. First Nationwide Mortg. Corp. (In re Cline), 282 B.R. 686
(W.D. Wash. 2002); cf. Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 507-10 (9th Cir. 2002) (only remedy for
violation of discharge injunction is contempt action brought before the bankruptcy court that issued the discharge
injunction).

And as both GMACM and the Bankruptcy Court explained, the combination of the Confirmed Plan, the termination of the automatic stay as to GMACM's rights to enforce its mortgage upon the Appellant's violation of the Conditional Order, and sections 1322(b)(2) and (b)(5), and 1328(a) of the Bankruptcy Code mean that GMACM's in rem claim against the property survived the bankruptcy, even if the Appellant no longer remained liable on the Note *per se*.  Once again, at most the Appellant in the Appellants' Brief merely repeats her contentions; she does not explain why the Trust or the Bankruptcy Court were wrong.  (See generally Appeal ECF Doc. # 6.)

### 3.     Inadequate Pleading

Several courts, including those in this district, have applied the federal pleadings standards when assessing the validity of a proof of claim.  See In re DJK Residential LLC, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure.") (citing In re Rockefeller Ctr. Props., 272 B.R. 524, 542 n.17 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 226 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 F. App'x 40 (2d Cir. 2002); Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.), 398 B.R. 736, 748 (Bankr. S.D.N.Y. 2008) ("The documents attached to the proofs of claim should be treated, for purposes of a motion to disallow claims, like documents that are attached to or relied upon in a complaint are treated on a Rule 12(b)(6) motion to dismiss. . . .") (citation omitted); In re Nortel Networks, Inc., 469 B.R. 478, 479 (Bankr. D. Del. 2012) (applying the standards of Rule 9(b) to a review of amended claims that asserted claims for, *inter alia*, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, civil conspiracy, unjust enrichment, and subrogation).  Indeed, since a

claim objection is a contested matter under Fed. R. Bankr. P. 9014(a), Rule 9(b) applies per Fed. R. Bankr. P. 9014(c).

As discussed herein, for a proof of claim to be allowed, the allegations in the claim must meet the pleadings requirements of the Federal Rules of Civil Procedure (the "Rules").  The Claim should be disallowed and expunged from the Debtors' claims register in its entirety because the District Court Action is predicated on a complaint that both is deficient in detail and intelligibility and fails to state a single valid colorable claim against any of the Debtors.

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a "pleading that states a claim for relief must contain . . . a *short and plain* statement of the claim showing that the pleader is entitled to relief.").  Fed. R. Civ. P. 8(a)(2) (emphasis added).  Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ascroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  It is insufficient for a complaint to simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561 (2007).  Rather, a complaint must plead sufficient facts "to provide the 'grounds' of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of a cause of action's elements will not do." Id. at 545 (citation omitted).  The purpose of Rule 8(a)(2) is to ensure that the complaint "give[s] enough [coherent] detail to illuminate the nature of the claims *and allow defendants to respond.*" Regis Techs., Inc. v. Oien (In re Oien), 404 B.R. 311, 317 (Bankr. N.D. Ill. 2009) (emphasis added) (citations and internal quotation marks omitted).  In other words, each defendant must know what he is charged with.  See, e.g., Jones v. Pollard-Buckingham, 348 F.3d 1072, 1073 (8th Cir. 2003) (though inartful, *pro se* complaint satisfied Rule 8(a)(2) because "[it] clearly identified how each defendant was involved in the conduct about which [the

plaintiff] complains."); Forman v. Salazano (In re Norvergence, Inc.), 405 B.R. 709, 736-37 (Bankr. D.N.J. 2009) (complaint's setoff allegations inadequate because, among other things, it did not identify specific defendants with specific transactions).

While *pro se* pleadings are construed more liberally, "the court is not permitted to serve as a '*de facto* counsel' and 'rewrite an otherwise deficient pleading in order to sustain an action.'" Gonzalez v. Asset Acceptance, LLC, 308 F. App'x 429, 430 (11th Cir. 2009) (citing GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)).  Even *pro se* plaintiffs are "required to follow the minimum pleading standards set forth in the Federal Rules of Civil Procedure."  McMahon v. Hunter, No. 06 cv 00179-34, 2007 WL 1952906, at *6 (M.D. Fla. July 2, 2007) (citations omitted).  See also Mott v. Fuhrman, No. 10 CV 00146, 2010 WL 3385338, at *1 (N.D. Fla. Aug. 23, 2010) ("It cannot be assumed that a [*pro se*] Plaintiff will prove facts which have not been alleged.") (citations omitted).

Furthermore, a complaint is improperly plead "where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" Labes v. Ocwen Loan Servicing, Inc., No. CV F 09-1172, 2009 WL 3748291, at *1 (E.D. Cal. Nov. 5, 2009) (citing cases); Peck v. Merletti, 64 F. Supp. 2d 599, 602 (E.D. Va. 1999) (dismissing a *pro se* complaint that contained "hundreds of pages" of  "gibberish or nonsensical rambling"); Fernandez v. Supreme Court of Ill., No. 02C3402, 2002 WL 1008468, at *1 (N.D. Ill. May 17, 2002) (dismissing complaint that was "unnecessarily lengthy, redundant, and confusing, making it difficult to determine which alleged wrongdoings, if any, constitute the claimed violations of federal and state law").  Per Rule 8(a), a complaint must also provide a plain, simple and coherent statement of facts giving rise to the plaintiff's right to relief.

The Claim, and the complaint filed in the District Court Action upon which it is based, fail to satisfy these basic pleading standards in a number of ways.

*First*, the Claim and the complaint are broadly unintelligible.  Even with a *pro se* claimant, the Debtors should not have to comb through the mass of paper making up the Claim to try to construct a comprehensible story.

*Second*, to the extent that the Claim and complaint do contain decipherable allegations, those allegations fail to provide the necessary detail to put each of the Debtors on notice of what they are specifically alleged to have done and how that has harmed Appellant.

Thus, for example, upon review of the Claim and of the complaint, the Debtors (and, the Debtors believe, the Court) cannot find facts underlying Appellant's allegation that they or anyone else, for that matter, stole Appellant's identity or had any relation to her alleged toxic mold problem.  Finally, the Claim is insufficient because Appellant provides neither any explanation as to why she is entitled to a $100 million claim, nor any calculation of the $100 million claim amount.

For these reasons, the Claim is not prima facie valid. <u>See</u> <u>In re Lehman Bros. Holdings Inc.</u>, No. 08-13555 (JMP), 2010 Bankr. LEXIS 4147, at *8 (Bankr. S.D.N.Y. Nov. 10, 2010) (determining that the claims were "so lacking in supporting evidence and logical linkage to the Debtors' cases, they are not entitled to any presumption that they are *prima facie* valid, and the burden of proof has shifted to [claimant]," and further disallowing such claims, noting that they were "founded on pure speculation"). <u>Id.</u> at 13.

Additionally, Appellant's fraud claim should be dismissed because it not only fails to satisfy even the general pleading requirements of Rule 8(a), but falls shorter still of the heightened pleading requirements of Rule 9(b). Under Rule 9(b), for allegations involving fraud,

"a party must state with particularity the circumstances constituting the fraud or mistake." In

Ziemba v. Cascade Int'l Inc., the Eleventh Circuit reiterated that in order to satisfy the

heightened pleading requirements of Rule 9(b), a cause of action for fraud must set forth the

following:

- precisely what statements were made in what documents or oral representations or what omissions were made; and
- the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and
- the content of such statements and the manner in which they misled the plaintiff, and
- what the defendant obtained as a consequence of the fraud.

See Ziemba v. Cascade Int'l Inc., 256 F.3d 1194, 1202 (11th Cir. 2001). (citation omitted).  "The

particularity rule serves an important purpose in fraud actions by alerting defendants to the

'precise misconduct with which they are charged' and protecting defendants 'against spurious

charges of immoral and fraudulent behavior.'" Id. (internal citations omitted).   Appellant's

Claim and the underlying District Court complaint fail to set forth *any* of the particularized

information required under either rules 9(b) or 8(a), and as such should be dismissed.


[*Remainder of Page Intentionally Left Blank*]

## <u>CONCLUSION</u>

For the foregoing reasons, the Trust respectfully requests that this Court affirm the

Bankruptcy Court's Order in all respects.


Dated:  June 9, 2014
        New York, New York

*/s/* Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Adam A. Lewis
Daniel J. Harris
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*
